```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
LEVY ROBINSON,                                          :
                                                        :
                    Plaintiff,                          :
                                                        :   ORDER
         -against-                                      :   13-CV-3334 (JFB)(WDW)
                                                        :
SHERIFF SPOSATO, GANG UNIT MEMBERS,                     :
CAPTAIN GILIO, SGT. CALLAHAN, GRIEVANCE                 :
OFFICERS,                                               :
                                                        :
                    Defendants.                         :
-----------------------------------------------------------------------X
```

JOSEPH F. BIANCO, District Judge:

On July 10, 2013, *pro se* plaintiff Levy Robinson filed a complaint against defendants, alleging that he has been wrongly designated as a gang member by prison officials and has suffered constitutional and other violations and has been put in danger as a result of that incorrect designation. On September 30, 2013, defendants moved to dismiss. On February 18, 2014, Magistrate Judge Wall issued a Report and Recommendation. (Docket No. 32.) The Court agrees with Judge Wall that plaintiff appears to claim that (1) plaintiff not given a hearing before he was classified as a gang member and no investigation was conducted, in violation of his due process rights; (2) the prison officials and officers showed deliberate indifference to plaintiff's safety in violation of his Eighth Amendment rights; and (3) the prison officials interfered with his mail and phone calls in retaliation for his complaints about his classification, in violation of his First Amendment rights.

Judge Wall recommends that (1) the due process claim be dismissed with prejudice because Robinson has no due process right in his classification; (2) the deliberate indifference claim be dismissed with leave to replead because Robinson conclusorily claims that he is in danger; (3) the First Amendment retaliation claim should be dismissed without prejudice because there is no indication that Robinson

exhausted his administrative remedies with regard to tampering with mail or telephone calls; and (4) the *Monell* claim must be dismissed with leave to replead because plaintiff has not set forth any viable claim for the violation of a constitutional right and has not alleged any practice, policy, or custom. The Report and Recommendation states that "[a]ny objections to this Report and Recommendation must be filed within fourteen (14) days of service," and that failure to file objections within this period will preclude further review of the Report and Recommendation or this Court's order. (*Id.* at 10.) To date, although the deadline for objections has expired, no objections have been filed.

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). When a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a de novo standard of review. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). Where clear notice has been given of the consequences of failure to object, and there are no objections, the Court may adopt the report and recommendation without de novo review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial

review of the magistrate's decision."). However, because the failure to file timely objections is not jurisdictional, the district judge can still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is non jurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas*, 474 U.S. at 155)).

Although no objections have been filed and thus *de novo* review is not required, the Court, in an abundance of caution, has conducted a *de novo* review of the Report and Recommendation and HEREBY ADOPTS the well-reasoned and thorough Report and Recommendation in its entirety. Accordingly, IT IS HEREBY ORDERED that defendants' motion to dismiss is granted. For the reasons articulated by Judge Wall, the due process claim is dismissed with prejudice, while the Eighth Amendment and First Amendment claims are dismissed without prejudice. Plaintiff shall have thirty (30) days from the date of this Order to submit an amended complaint. Failure to file the amended complaint within thirty (30) days shall result in dismissal with prejudice for failure to prosecute.

SO ORDERED.

_____
JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: March 7, 2014
      Central Islip, New York