FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 24 2014 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
LEVY ROBINSON,

                Plaintiff,

-against-

SHERIFF SPOSATO, GANG UNIT MEMBERS,
CAPTAIN GILIO, SGT. CALLAHAN, GRIEVANCE
OFFICERS,

                Defendants.
---------------------------------------------------------------X

ORDER
13-CV-3334 (JFB)(WDW)

JOSEPH F. BIANCO, District Judge:

By Order dated March 7, 2014, this Court adopted the Report and Recommendation from Magistrate Judge Wall with respect to plaintiff's complaint, dismissed plaintiff's due process claim with prejudice, and dismissed the Eighth and First Amendment claims without prejudice. The Court gave plaintiff thirty days to submit an amended complaint and warned plaintiff that failure to file the amended complaint within thirty days would result in dismissal with prejudice for failure to prosecute. Plaintiff did not file an amended complaint. For the reasons set forth below, therefore, the Court dismisses plaintiff's complaint with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

Rule 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)); *see Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) ("[D]ismissal [pursuant to Rule 41(b)] is a harsh remedy and is appropriate only in extreme situations."); *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004) ("Rule [41(b)] is intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their

1

specific cases and general caseload."); *see also Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.*, 133 F.2d 187, 188 (2d Cir. 1943) (citing *Blake v. De Vilbiss Co.*, 118 F.2d 346 (6th Cir. 1941)); *Refior v. Lansing Drop Forge Co.*, 124 F.2d 440, 444 (6th Cir. 1942) ("The cited rule [41(b)] enunciates a wellsettled [sic] concept of practice that a court of equity, in the exercise of sound judicial discretion, has general authority . . . to dismiss a cause for want of diligence in prosecution or for failure to comply with a reasonable order of the court made in the exercise of a sound judicial discretion."). Moreover, it is well-settled that a district court "may act *sua sponte* to dismiss a suit for failure to prosecute." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (citing *Link*, 370 U.S. at 630); *see also Le Sane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute.").

Courts have repeatedly found that "[d]ismissal of an action is warranted when a litigant, whether represented or instead proceeding *pro se*, fails to comply with legitimate court directives." *Yulle v. Barkley*, No. 9:05-CV-0802, 2007 WL 2156644, at *2 (N.D.N.Y. July 25, 2007) (citations omitted). A district court contemplating dismissal of a plaintiff's claim for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b) must consider:

> 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000); *see, e.g., Lucas*, 84 F.3d

at 535; *Jackson v. City of New York*, 22 F.3d 71, 74-76 (2d Cir. 1994). In deciding whether dismissal is appropriate, "[g]enerally, no one factor is dispositive." *Nita v. Conn. Dep't of Env. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994); *see Peart*, 992 F.2d at 461 ("'[D]ismissal for want of prosecution is a matter committed to the discretion of the trial judge [and] the judge's undoubtedly wide latitude is conditioned by certain minimal requirements.'") (quoting *Merker v. Rice*, 649 F.2d 171, 173-74 (2d Cir. 1981)).

Here, plaintiff has failed to timely file a new complaint, as directed by the Court, or otherwise communicated with the Court. Plaintiff received an Order warning him that the case would be dismissed with prejudice absent an amended complaint. Thus, plaintiff has shown no interest in continuing with this action. Under these circumstances, and in light of the Court's warning to plaintiff in the March 7 Order, no sanction less than dismissal with prejudice will alleviate the prejudice to defendants of continuing to keep this action open. Moreover, the Court needs to avoid calendar congestion and ensure an orderly and expeditious disposition of cases. Therefore, all the above-referenced factors favor dismissal of the instant case with prejudice.

In sum, dismissal for failure to prosecute is clearly warranted. This case is dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of the Court shall enter judgment accordingly and close this case.

SO ORDERED,

s/ Joseph F. Bianco

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: April 24, 2014
      Central Islip, New York

3